**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **TEMPLOY, INC., and** | ) | |
| **HARD HITTERS, INC.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO.: 08-689-KD-C** |
| | ) | |
| **NATIONAL COUNCIL ON** | ) | |
| **COMPENSATION INSURANCE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter is before the Court on Defendant's Notice of Removal (Doc. 1), Plaintiffs'

Motion to Remand (Doc. 7), Defendant's opposition (Doc. 11) and Plaintiffs' reply (Doc. 15); and

U.S. Magistrate Judge William E. Cassady's Report & Recommendation (Doc. 16), Defendant's

Objection thereto (Docs. 18, 19) and Plaintiffs' response (Doc. 21).  After careful consideration of

the foregoing, as well as for those reasons discussed herein, the Court finds that Plaintiffs' Motion

to Remand (Doc. 7) is due to be **DENIED.**

The issue in this case centers on the amount in controversy for purposes of establishing

federal diversity subject matter jurisdiction in this Court.  Specifically, this case involves the same

facts and claims as CV 07-632 Temploy/Hard Hitters v. CPCI ("the CPCI action"), a case which has

already been adjudicated before the undersigned.[1]  Indeed, the very same Plaintiffs have simply

---

[1]  As set forth in the Rule 26(a) disclosures filed in the CPCI action, Plaintiffs sought $6,000,000
in lost revenue, lost income and increased insurance expenses from the Defendant CPCI due to alleged
negligence and defamation in administering the insurance policy.  (Doc. 1-8 at 4).  The CPCI action
concluded in September 2008 upon the Plaintiffs' acceptance of Offers of Judgment of $60,001.00.  (CV
07-632-KD, Docs. 67, 68).  After accepting the Offers of Judgment, Plaintiffs filed the present action in
state court against the administrator of the Alabama Workers' Compensation Insurance Plan, NCCI,
seeking "damages still due."  (Doc. 1 at Ex. 1-2).

commenced a second action arising out of the same policy for workers compensation insurance procured by Plaintiff Temploy, Inc., from the Alabama Workers' Compensation Insurance Plan, but are now suing a different entity, Defendant National Council on Compensation Insurance.

On November 26, 2008, Defendant removed this case to this Court from the Circuit Court of Mobile County, Alabama. (Doc. 1). In so doing, Defendant asserts that complete diversity of citizenship exists because the parties are diverse and the amount in controversy is in excess of this Court's jurisdictional minimum because Plaintiffs seek recovery of an amount in excess of $75,000. (Id.) Defendant bases its removal argument on the existence of "other papers," as referenced in Lowery v. Alabama Power Co., 483 F.3d 1184 (11th Cir. 2007), which evidence that Plaintiffs sought damages in the CPCI action (CV 07-632) in excess of $75,000 (as exemplified in settlement conference letters, the initial disclosures and the parties' proposed pretrial order). (Id. at 2, 10).

Plaintiffs' state court Complaint seeks an unspecified amount of damages; indeed, there are no allegations as to the amount in controversy but rather, Plaintiffs only demand judgment for compensatory damages, punitive damages and court costs, in the prayers for relief following each count. (Doc. 1-2 at 6). Accordingly, Plaintiffs oppose the removal and have filed a Motion to Remand. (Doc. 7). In so doing, Plaintiffs' counsel has stated that it is "not likely" that he would stipulate to the amount in controversy being less than $75,000. (Id. at 5). Plaintiffs also assert that the state court Complaint makes a claim for unspecified damages and Defendant's removal argument based upon the "other papers" criteria is improper because "they are not documents received by Defendant from the Plaintiffs" but rather, constitute other papers/documents filed in the CPCI case. (Id. at 3). Plaintiffs concede, however, the fact that the Defendant is represented by the same attorney who represented CPCI in the CPCI action, and "Plaintiffs assume the two parties are

2

cooperating with each other." (Id. at 4, n.1).  Plaintiffs contend further, that the settlement amount

in the CPCI action, $60,001, should carry more weight as to the amount in controversy.  (Id. at 4-5).

"Any civil case filed in state court may be removed by the defendant to federal court if the

case could have been brought originally in federal court."  Tapscott v. MS Dealer Service Corp., 77

F.3d 1353, 1356 (11th Cir. 1996) (citing 28 U.S.C. § 1441(a)), abrogated on other grounds, Cohen

v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000).  After removal, a plaintiff may move to

remand to state court pursuant to 28 U.S.C. § 1447(c).  A motion to remand based on a removal

defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of

the notice of removal; however, "[i]f at any time before final judgment it appears that the district

court lacks subject matter jurisdiction, the case shall be remanded.  28 U.S.C. § 1447(c).  "Because

removal jurisdiction raises significant federalism concerns, federal courts are directed to construe

removal statutes strictly . . . . [i]ndeed, all doubts about jurisdiction should be resolved in favor of

remand to state court."  University of South Alabama v. American Tobacco Co., 168 F.3d 405, 411

(11th Cir. 1999) (citations omitted).[2]

Federal courts may exercise diversity jurisdiction over all civil actions where the amount in

controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of

different states.  28 U.S.C. § 1332.  However, "where a plaintiff has made an unspecified demand

for damages in state court, a removing defendant must prove by a preponderance of the evidence that

the amount in controversy more likely than not exceeds the . . . jurisdictional amount."  Tapscott, 77

F.3d at 1357.  "[T]he party invoking the court's jurisdiction bears the burden of proving, by a

---

[2] See also e.g., Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994); Jerido v. American General Life and Accident Ins. Co., 127 F. Supp. 2d 1322, 1324 (M.D. Ala. 2001); Campos v. Sociedad Aeronautica de Medellin Consolidada, S.A., 882 F. Supp. 1056, 1057 (S.D. Fla. 1994).

preponderance of the evidence, facts supporting the existence of federal jurisdiction." McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002) (citations omitted).  See also Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287, n. 4 (11th Cir. 1998); Tapscott, 77 F.2d at 1356.[3]  See also Lowery v. Alabama Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).  "Though the defendant in a diversity case, unlike the plaintiff, may have no actual knowledge of the value of the claims, the defendant is not excused from the duty to show by fact, and not mere conclusory allegation, that federal jurisdiction exists.  Indeed, the defendant, by removing the action, has represented to the court that the case belongs before it." Lowery, 483 F.3d at 1217.  "The removing defendant[s] must establish the amount in controversy by '[t]he greater weight of the evidence . . . [a] superior evidentiary weight that, though not sufficient to free the mind wholly from all reasonable doubt, is still sufficient to incline a fair and impartial mind to one side of the issue rather than the other.'" Id. at 1209 (citations omitted).  Therefore, the burden rests with the defendant to establish complete diversity – that the plaintiff is diverse from the defendant, and that by a preponderance of the evidence, the amount in controversy more likely than not exceeds the $75,000 jurisdictional requirement.  Id.  See also Triggs, 154 F.3d at 1287; Tapscott, 77 F.3d at 1357.

Recently, the Eleventh Circuit clarified precisely how a district court must proceed in evaluating its jurisdiction after removal and what a district court is allowed to review as part of this evaluation.  Lowery, 483 F.3d at 1187, 1214-1215.  The court differentiated between motions to remand made within the first 30 days following removal, and motions to remand made outside of the first 30 days following removal.  Id. at 1214, n. 64.  The Eleventh Circuit noted that a plaintiff

---

[3] See also e.g., Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1094 (11th Cir. 1994).

4

has only 30 days from the notice of removal to file a motion to remand challenging any procedural

defects, whereas the existence of subject matter jurisdiction may be challenged at any time.  Id. at

1213-1214, 1218.  However, when a motion to remand, based on either procedural defect or lack

of subject matter jurisdiction, is filed within the first 30 days after removal, the courts' assessment

of the propriety of the removal is limited to the removing documents.  "If that evidence [the notice

of removal and accompanying documents] is insufficient to establish that removal is proper or that

jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make

up for the notice's failings."  Id. at 1214-1215 (footnotes and citations omitted).  Therefore, "[i]f the

jurisdictional amount is either stated clearly on the face of the documents before the court, or readily

deducible from them, then the court has jurisdiction.  If not, the court must remand."  Id. at 1217.

See also Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001).

Significant to the present case, Lowery provides that under the first paragraph of Section

1446(b), a case may be removed on the face of the complaint if the plaintiff has alleged facts

sufficient to establish the jurisdictional requirements.  Lowery also provides that under the second

paragraph "a case becomes removable when three conditions are present: there must be (1) **'an**

**amended pleading, motion, order or other paper,' which (2) the defendant must have received**

from the plaintiff (or **from the court, if the document is an order), and from which (3) the**

**defendant can "first ascertain" that federal jurisdiction exists. § 1446(b)."**  Lowery, 483 F.3d

at 1213 (emphasis added).  The Eleventh Circuit in Lowery explained further that:

> **In the second category of cases, the statute requires that jurisdiction be**
> **established by "an amended pleading, motion, order, or other paper." § 1446(b).**
> **The first three items on this list are self-explanatory. What constitutes "other**
> **paper," however, has been developed judicially. Courts have not articulated a**
> **single test for identifying "other paper," but numerous types of documents have**
> **been held to qualify. They include:** responses to request for admissions, Wilson v.

5

Gen. Motors Corp., 888 F.2d 779, 780 (11th Cir.1989); **settlement offers**, Addo v. Globe Life & Accident Ins. Co., 230 F.3d 759, 761-62 (5th Cir.2000); interrogatory responses, Akin v. Ashland Chem. Co., 156 F.3d 1030, 1036 (10th Cir.1998); deposition testimony, S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 (5th Cir.1996); **demand letters**, Williams v. Safeco Ins. Co., 74 F.Supp.2d 925, 929 (W.D.Mo.1999); and email estimating damages, Callahan v. Countrywide Home Loans, Inc., No. 3:06-105, 2006 WL 1776747, at *3-*4 (N.D.Fla. June 26, 2006).

\* \* \*

. . . . **To the extent the defendant does obtain knowledge of the claims' value, it will generally come from the plaintiff herself in the form of information in an "other paper."** See § 1446(b). This is so because a plaintiff who has chosen to file her case in state court will generally wish to remain beyond the reach of federal jurisdiction, and as a result, she will not assign a specific amount to the damages sought in her complaint. **In such a case, like the case before us, the defendant would need an "other paper" to provide the grounds for removal under the second paragraph of § 1446(b).** In the absence of such a document, the defendant's appraisal of the amount in controversy may be purely speculative and will ordinarily not provide grounds for his counsel to sign a notice of removal in good faith.

Lowery, 483 F.3d at 1213, n. 62 and 63 (emphasis added).

Defendant has presented evidence of court pleadings, orders and "other papers" in support of removal. Specifically, Defendant has presented evidence of representations made by Plaintiffs as to the monetary value of their claims through the submission of court filings in the former CPCI action. The CPCI action is not a randomly selected case for purposes of comparison, nor does it involve unknown parties with unknown (or irrelevant) issues. Rather, it is a case concerning the very same Plaintiffs, the very facts, and the very same claims, as the present case. Additionally, the CPCI action is a case which the undersigned handled, in detail, for over 15 months, during which time the undersigned reviewed and considered numerous representations by both parties as to the case's overall merit and monetary value. Notably, in the CPCI action, Plaintiffs sought $6,000,000 in lost revenue, as set forth in the Rule 26(a)(1) Disclosures (Doc. 1-8); $675,000 in lost income for Temploy and $190,600 in lost income for Hard Hitters, as set forth in the Mediation Demand Letter (Doc. 1-9); and from $126,923.49 to $317,308.73 for Hard Hitters, and $300,000 for Temploy, in

increased insurance expenses, as set forth in the proposed pretrial order (based on the July 12, 2008 expert report).   (Docs. 1-10, 1-11; <u>see</u> <u>also</u> CV 07-632, Docs. 56 at 14, 57 at 15, Doc. 59). Accordingly, Plaintiffs have squarely placed evidence of their representations of the value of their claims in the Court record, assigning said claims a monetary value of between $126,923.49 and $317,308.73 for Hard Hitters, and between $300,000 to $6,000,000 for Temploy.  As such, this case presents a unique situation because the evidence regarding the amount in controversy is, in actuality, a matter of Court record.

Nevertheless, Plaintiffs seek remand, claiming that under <u>Lowery</u> this Court is not allowed to consider the pleadings, orders, letters and other written submissions from the CPCI action because those "other papers" or documents "did not come to NCCI directly from the Plaintiffs."  (Doc. 7). Plaintiffs' interpretation of <u>Lowery</u> would produce an absurd result based on the unique facts of this case.  In essence, the Plaintiffs urge the Court to not consider the prior representations made by the Plaintiffs to the Court.

<u>Lowery</u> instructed district courts to rely upon non-speculative evidence when rendering amount in controversy determinations – evidence that "allows the court to determine the amount of damages" and not resort to unabashed guesswork: "the existence of jurisdiction should not be divined by looking to the stars."  <u>Lowery</u>, 483 F.3d at 1215.  The Eleventh Circuit elaborated, providing examples of what constitutes such "non-speculative evidence," noting that such evidence generally consists of documents coming from the plaintiff as well as court documents such as pleadings, motions and orders.  <u>Id</u>. at 1213, n.62 and 1215, n. 66.  Plaintiffs' prior representations made in this Court certainly comprise such non-speculative evidence.

The  Court  finds  that  this  case  presents  such  unique  circumstances  that  Defendant's

submission of court filings and orders from the CPCI action, as "other paper" evidence under Lowery in support of its amount in controversy claim, is proper. These "other papers" – especially the parties' proposed pretrial order in the CPCI action – set forth in detail the value of Plaintiffs' claims (between $126,923.49 and $317,308.73 for Hard Hitters and between $300,000 and $6,000,000 for Temploy)[4] and constitute sufficient non-speculative evidence as to the jurisdictional amount in controversy such that neither divination nor star gazing is required. Accordingly, Plaintiffs' Motion to Remand is due to be, and hereby is, **DENIED.**

     **DONE** and **ORDERED** this the **21st** day of **April 2009.**

/s/ Kristi K. DuBose
**KRISTI K. DUBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[4] Exxon Mobil Corporation v. Allapattah Services, Inc., 545 U.S. 546 (2005) (holding that when there is complete diversity of citizenship and at least one named plaintiff's claim satisfies the amount-in-controversy requirement of Section 1332, a district court may exercise supplemental jurisdiction over the jurisdictionally insufficient claims of any other plaintiff with regard to the same case or controversy).